■ FRANK A. SCIBETTA PLUMBING & HEATING CORP., Respondent-Appellant, v M & W LIMITED PARTNERSHIP et al., Appellants-Respondents, et al., Defendants. — Judgment modified by increasing the award to plaintiff by the sum of $14,366, and, as modified, affirmed, with costs to plaintiff. Memorandum: In this action to foreclose a mechanic's lien, issues arise regarding plaintiff contractor's obligations to install storm and sanitary sewers, a complete system of water supply and any necessary connections for a K-Mart store under construction in the City of Lackawanna. The dispute on this appeal centers upon the interpretation of clauses in the contract documents which required plaintiff to "backfill excavated areas with 6″ of clean tamped sand over piping, then suitable material to grade," and "secure and pay for all permits, fees and licenses necessary for the execution of the Work". During the course of laying the exterior water and sewer lines, plaintiff, after properly placing sand over the pipes, backfilled the trenches with the excavated earth. The owner of the project, insisting that the contract required that select or porous fill be used to backfill the trenches, requested plaintiff to remove the excavated material and replace it with select or porous fill. Plaintiff did so and claims that it is entitled to recover the $9,311.55 cost of his work. In addition, a question arose over responsibility for payments totaling $14,366 which the owner made to the Erie County Water Authority. The owner contended that the sum was properly chargeable to plaintiff because it was a "tap-in fee" which plaintiff as plumbing contractor was responsible for paying under the terms of the contract. Plaintiff, on the other hand, contended that the fees were in the nature of taxes or assessments that the owner was responsible for paying. The owner paid these fees to the water authority and seeks to charge plaintiff with the cost thereof. Other problems arose during construction which were the subject of litigation in the court below, but which are not now issues on appeal. The trial court determined that plaintiff was entitled to reimbursement for the cost of replacing the backfill and included this cost in its total award to plaintiff of $23,299.92. The trial court, however, also determined that plaintiff was responsible for the payment of the "tap-in fee" and reduced plaintiff's award accordingly. We conclude that the trial court properly found that plaintiff was not required to backfill the water and sewer line trenches with select or porous fill, and that it was entitled to recover for furnishing select or porous fill as an extra. The term "suitable material" is nowhere defined in the contract or specifications. Although a section of the contract dealing with "Earth Work" provides the porous fill is to be used for certain

work, this section specifically excludes excavation and backfill for sewers, water and gas piping, plumbing and heating and electrical work. Furthermore, there was no testimony at the trial that the architect made any determination as to suitability of the excavated material. Additionally, it is clear from plaintiff's bid for the job that "excavated material [was] to be reused for backfilling." We do not, however, find any support in the record for the trial court's determination that plaintiff reimburse defendants for the payments to the Erie County Water Authority. The so-called "tap-in fee" consisted of three separate charges. The first charge, which amounted to $4,416, represented the property owner's proportionate share of the installation cost of the eight-inch water main in the public highway abutting the property. The next item, totaling $7,500, was the charge by the authority for installing an eight-inch connection from the main to be used for "fire purposes only". The last item, totaling $2,450, was an authority charge for "other domestic water service" not otherwise described in the record. None of these charges represents the cost of a permit, fee or license which plaintiff was obligated by the contract documents to secure and pay. Thus, the court below erred when it determined that plaintiff's award must be reduced by these charges. All concur except Callahan J., who dissents and votes to affirm the judgment. (Appeals from judgment of Supreme Court, Erie County, Contiguglia, J. — foreclose mechanic's lien.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.